# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3756-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

G.N.W.,

     Defendant-Appellant.

_____

Submitted April 10, 2024 – Decided April 17, 2024

Before Judges Firko and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 14-07-1248.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Cody Tyler Mason, Deputy Public Defender, of counsel and on the briefs).

Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Lisa Sarnoff Gochman, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

This case returns to us on a constitutional speedy trial issue. Defendant G.N.W.[1] appeals from a November 12, 2021 Law Division order on remand denying his motion to dismiss the superseding indictment on speedy trial grounds. Because the motion judge did not make all the findings required in our initial remand instructions, we are constrained to remand the case again to complete the fact-finding needed to resolve defendant's constitutional claim.

The time between defendant's arrest and trial was six years, eleven months, and twenty-nine days. On November 18, 2016, the jury convicted defendant of twenty-one counts involving first and second-degree sexual assaults against adolescent boys. Defendant was sentenced to forty-six years' imprisonment subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, Parole Supervision for Life pursuant to N.J.S.A. 2C:43-6.4, Megan's Law restrictions, fines, and penalties.

In January 2020, we affirmed defendant's convictions and sentence, but remanded to the motion judge to carefully scrutinize the time between defendant's arrest and trial and to undertake the fact-sensitive analysis required under Barker v. Wingo, 407 U.S. 514 (1972). G.N.W., slip op. at 1-2. Barker

---

[1] We use the defendant's initials as we did in our prior opinion. See State v. G.N.W., A-0496-17 (App. Div. Jan. 28, 2020) (slip op. at 1-2).

requires consideration of the "[l]ength of delay, the reason for the delay, the defendant's assertion of his [or her] right, and prejudice to the defendant." 407 U.S. at 530; see State v. Cahill, 213 N.J. 253, 264 (2013). In our initial decision, we acknowledged the seven years between defendant's arrest and trial is "[b]y any objective measure . . . a substantial period of time . . . requir[ing] careful scrutiny." G.N.W., slip op. at 6. We determined it is "conceivable, if not likely, that the current record is not adequate to permit a fulsome review of the Barker factors. The circumstances explaining certain periods of delay, for example, may be outside the current record, in which event further factfinding may be necessary." Id. at 8. Accordingly, we instructed the motion judge to:

> (1) catalog and compartmentalize all of the discrete periods of delay, (2) determine and evaluate the specific reasons for delay, and, (3) as to delay attributed to the State, determine whether the delay was the product of the case's complexity or other legitimate justification, or else was the product of purposeful delay tactics or mere inaction. The Law Division should apply the Barker factors in light of those findings. . . . Should the court conclude defendant's speedy trial rights were violated, it shall vacate defendant's judgment of conviction and dismiss the superseding indictment.
>
> [Ibid.]

On remand, the motion judge did not hear additional testimony, argument, or receive additional briefing. The judge applied the four-factor Barker test,

3

concluding in a sixteen-page written decision the length of the delay was not unreasonable due to the nature of the charges, the complexity of the case, and additional alleged illegal conduct committed by defendant.

However, the motion judge did not "catalog and compartmentalize all the discrete periods of the delay" as per our instruction.  See Tomaino v. Burman, 364 N.J. Super. 224, 232 (App. Div. 2003) ("It is beyond dispute that a trial judge has the responsibility to comply with pronouncements of an appellate court."); Jersey City Redev. Agency v. The Mack Props. Co. 3, 280 N.J. Super. 553, 562 (App. Div. 1995) ("It is the peremptory duty of the trial court, on remand, to obey the mandate of the appellate tribunal precisely as it is written."). For example, the trial court did not catalog the delay that occurred before an initial trial date was set.

The State concedes "Judge English did not divide the time between arrest and trial into discrete periods of delay nor determined whether the specific periods were attributable to the State, to defendant, or to the court system." The State nonetheless argues the motion judge's ultimate ruling was not "clearly erroneous" and that dismissal of the superseding indictment is "unwarranted" and an "unsatisfactory severe remedy." We decline to review the motion judge's ruling without the specific information we instructed him to catalog.

4

As an alternative to dismissing the indictment, defendant asks us "at minimum [to] remand the matter, again, so that a new judge can fully, and promptly rule on the speedy trial issue with fresh eyes." We agree another remand is needed but see no need to send this matter to a different judge. The factfinding that needs to be done does not involve credibility assessments. Furthermore, we expect it would take even longer to have a new judge review the extensive record and make the findings needed to complete our review of the trial judge's <u>Barker</u> analysis.

To help ensure that all required findings are made based on the current record, we instruct the motion judge to convene an oral argument. The motion judge shall as appropriate revise or amplify its analysis of the <u>Barker</u> factors accounting for its additional findings. The remand is to be completed within sixty days. We retain jurisdiction.

Remanded for further proceedings.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5